
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-6-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

        Plaintiff,        :

    - v. -                            :

S.A.C. CAPITAL ADVISORS, L.P.;    :
S.A.C. CAPITAL ADVISORS, LLC;
CR INTRINSIC INVESTORS, LLC; and  :
SIGMA CAPITAL MANAGEMENT, LLC,

                            :

        Defendants,       :

ANY AND ALL ASSETS OF S.A.C.
CAPITAL ADVISORS, L.P.; S.A.C.    :
CAPITAL ADVISORS, LLC; CR
INTRINSIC INVESTORS, LLC; and     :
SIGMA CAPITAL MANAGEMENT, LLC,
                            :

ANY AND ALL ASSETS OF S.A.C.
OFFSHORE CAPITAL FUNDING, LTD.;   :
S.A.C. SPECTRUM FUND, LLC; S.A.C.
GLOBAL MACRO FUND, LLC; S.A.C.    :
ARBITRAGE FUND, LLC; S.A.C.
MULTIQUANT FUND, L.P.; S.A.C.     :
GLOBAL INVESTMENTS, L.P.; S.A.C.
PRIVATE EQUITY INVESTORS, L.P.;   :
S.A.C. DOMESTIC INVESTMENTS, L.P.;
S.A.C. DOMESTIC CAPITAL FUNDING,  :
LTD.; CANVAS CAPITAL ASSOCIATES,
LLC; SIGMA CAPITAL ASSOCIATES,    :
LLC; S.A.C. CAPITAL ASSOCIATES,
LLC; S.A.C. STRATEGIC INVESTMENTS, :
LLC; S.A.C. MERIDIAN FUND, LLC;
S.A.C. INTERNATIONAL EQUITIES,    :
LLC; CR INTRINSIC INVESTMENTS,
LLC; INTERNATIONAL EQUITIES       :
(S.A.C. ASIA), LTD.; S.A.C.
STRUCTURED INVESTMENTS, L.P.;     :
SIGMA FIXED INCOME FUND, LTD.;
S.A.C. SELECT FUND, LLC; S.A.C.   :
ENERGY INVESTMENTS, L.P.; S.A.C.

STIPULATION AND
ORDER OF SETTLEMENT

13 Civ. 5182 (RJS)

ECF Case

GENESIS FUND, LLC; S.A.C. HEALTHCO :
FUND, LLC; and S.A.C. DOMESTIC
INVESTMENTS (CA), LLC,                :

        Defendants in Rem.   :

- - - - - - - - - - - - - - - - - -x

WHEREAS, on July 23, 2013, a grand jury sitting in the Southern District of New York returned a five-count Indictment, 13 Cr. 541 (LTS) (the "Indictment") charging S.A.C. CAPITAL ADVISORS, L.P.; S.A.C. CAPITAL ADVISORS, LLC; CR INTRINSIC INVESTORS, LLC; and SIGMA CAPITAL MANAGEMENT, LLC (collectively, the "SAC ENTITY DEFENDANTS" or "Defendants in Personam") with committing wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and securities fraud, in violation of 15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. § 240.10b-5 and 240.10b5-2; and 18 U.S.C. § 2 (the "Criminal Action");

WHEREAS, on July 25, 2013, the United States commenced this related civil action (the "Civil Forfeiture and Money Laundering Action"), upon the filing of a verified complaint (the "Complaint"), seeking forfeiture of all right, title and interest in the following property (collectively, the "Defendants in Rem"), pursuant to Title 18, United States Code, Sections 981(a)(1)(A), 1956, and 1957:

    (a) ANY AND ALL ASSETS OF THE SAC ENTITY DEFENDANTS; and

(b) ANY AND ALL ASSETS OF S.A.C. OFFSHORE CAPITAL FUNDING, LTD.; S.A.C. SPECTRUM FUND, LLC; S.A.C. GLOBAL MACRO FUND, LLC; S.A.C. ARBITRAGE FUND, LLC; S.A.C. MULTIQUANT FUND, L.P.; S.A.C. GLOBAL INVESTMENTS, L.P.; S.A.C. PRIVATE EQUITY INVESTORS, L.P.; S.A.C. DOMESTIC INVESTMENTS, L.P.; S.A.C. DOMESTIC CAPITAL FUNDING, LTD.; CANVAS CAPITAL ASSOCIATES, LLC; SIGMA CAPITAL ASSOCIATES, LLC; S.A.C. CAPITAL ASSOCIATES, LLC; S.A.C. STRATEGIC INVESTMENTS, LLC; S.A.C. MERIDIAN FUND, LLC; S.A.C. INTERNATIONAL EQUITIES, LLC; CR INTRINSIC INVESTMENTS, LLC; INTERNATIONAL EQUITIES (S.A.C. ASIA), LTD.; S.A.C. STRUCTURED INVESTMENTS, L.P.; SIGMA FIXED INCOME FUND, LTD.; S.A.C. SELECT FUND, LLC; S.A.C. ENERGY INVESTMENTS, L.P.; S.A.C. GENESIS FUND, LLC; S.A.C. HEALTHCO FUND, LLC; and S.A.C. DOMESTIC INVESTMENTS (CA), LLC, (collectively, the "SAC INVESTMENT FUNDS")*;

WHEREAS, the Complaint seeks civil money laundering penalties pursuant to Title 18, United States Code, Section 1956 against the Defendants in Personam;

WHEREAS, the Complaint alleges, in part, that the SAC

---

* The SAC ENTITY DEFENDANTS represent that the following SAC INVESTMENT FUNDS have been dissolved and/or cancelled: S.A.C. STRUCTURED INVESTMENTS, L.P. (certificate of dissolution issued March 26, 2010); S.A.C. ENERGY INVESTMENTS, L.P. (certificate of cancellation issued November 4, 2010); S.A.C. GENESIS FUND, LLC (certificate of cancellation issued January 27, 2012); S.A.C. HEALTHCO FUND, LLC (certificate of cancellation issued December 22, 2009); and S.A.C. DOMESTIC INVESTMENTS (CA), LLC (certificate of cancellation issued November 3, 2009).

ENTITY DEFENDANTS were affiliated corporate entities with principal business offices in Stamford, Connecticut and/or Manhattan, New York, that were responsible for managing a group of affiliated hedge funds;

WHEREAS, the Complaint further alleges, in part, that the SAC INVESTMENT FUNDS were limited partnerships and limited liability companies organized in the United States and elsewhere, including the Cayman Islands and Anguilla, that received investment management services from one or more of the SAC ENTITY DEFENDANTS or other SAC fund management companies;

WHEREAS, the Complaint further alleges, in part, that at various times between in or about 1999 through at least in or about 2010, employees and agents of the SAC ENTITY DEFENDANTS obtained material, non-public information ("Inside Information") relating to publicly-traded companies and, on behalf of the SAC ENTITY DEFENDANTS and using the capital of the SAC INVESTMENT FUNDS, traded on that Inside Information;

WHEREAS, the Complaint further alleges, in part, that the illicit profits from insider trading were knowingly commingled with other capital in the SAC INVESTMENT FUNDS and used, inter alia, to promote further trades based on Inside Information, and that the Defendants in Rem are, as a result, forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) as property

4

involved in money laundering and attempted money laundering transactions, in violation of 18 U.S.C. §§ 1956 and 1957;

WHEREAS, on or about July 31, 2013, the United States provided notice of the filing of the Complaint to the SAC ENTITY DEFENDANTS by and through their counsel, Martin Klotz, Esq. and Michael S. Schachter, Esq. of Willkie Farr & Gallagher LLP, and Theodore V. Wells, Jr., Esq., Daniel J. Kramer, Esq., and Michael E. Gertzman, Esq. of Paul, Weiss, Rifkind, Wharton & Garrison LLP;

WHEREAS, on or about August 9, 2013, the Court entered a post-complaint consensual protective order (the "Protective Order") pursuant to 18 U.S.C. § 983(j)(1), requiring that the SAC ENTITY DEFENDANTS not cause or permit the aggregate value of the SAC ENTITY DEFENDANTS as of the last day of any calendar month to equal an amount that is less than 85% of the aggregate value of the SAC ENTITY DEFENDANTS as of July 1, 2013, as represented to the United States on August 4, 2013;

WHEREAS, on August 29, 2013, the SAC ENTITY DEFENDANTS filed verified claims for the Defendants in Rem;

WHEREAS, on September 4, 2013, upon the motion of the Government and with the consent of the SAC ENTITY DEFENDANTS, this Court issued an order staying the proceedings in the Civil Forfeiture and Money Laundering Action, including the deadline

for third parties to file claims asserting their interest in the Defendants in Rem, until January 6, 2014, due to the pendency of the related Criminal Action;

WHEREAS, the SAC ENTITY DEFENDANTS and the Government have reached a proposed global resolution with respect to both the Criminal Action and Civil Forfeiture and Money Laundering Action;

WHEREAS, as part of such global resolution, the SAC ENTITY DEFENDANTS have entered into a plea agreement (the "Plea Agreement") with the Government, pursuant to which they agree to plead guilty to all counts of the Indictment with which they were respectively charged in the Criminal Action (a copy of the Plea Agreement is attached hereto as Exhibit A);

WHEREAS, the SAC ENTITY DEFENDANTS have agreed to pay to the United States a total financial penalty of $1.8 billion (the "Stipulated Total Financial Penalty") in connection with the proposed resolution of the Criminal Action and Civil Forfeiture and Money Laundering Action;

WHEREAS, the parties agree that the Stipulated Total Financial Penalty will consist of a $900 million fine in connection with the SAC ENTITY DEFENDANTS' guilty plea and sentencing in the Criminal Action (the "Stipulated Total Fine"), and the forfeiture of $900 million in connection with the

settlement of the Civil Forfeiture and Money Laundering Action (the "Stipulated Forfeiture Total");

WHEREAS, the parties agree that the forfeiture of the Stipulated Forfeiture Total by the SAC ENTITY DEFENDANTS in connection with the settlement of the Civil Forfeiture and Money Laundering Action shall be in lieu of any forfeiture in the Criminal Action;

WHEREAS, the SAC ENTITY DEFENDANTS are defendants in enforcement actions brought by the Securities and Exchange Commission ("SEC") in SEC v. CR Intrinsic Investors, L.L.C. et al., 12 Civ. 8466 (S.D.N.Y.) (VM) and SEC v. Sigma Capital Management, LLC, 13 Civ. 1740 (S.D.N.Y.) (HB) (the "SEC Actions");

WHEREAS, the parties agree that the payment of the $616 million that the SAC ENTITY DEFENDANTS have undertaken to make to resolve the SEC Actions (the "SEC Payment"), will be applied as a credit to the Stipulated Forfeiture Total;

IT IS HEREBY STIPULATED, ORDERED AND AGREED, by and among Plaintiff United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorneys, Sharon Cohen Levin, Micah Smith, and Christine Magdo, of counsel, and the SAC ENTITY DEFENDANTS, by their counsel, Martin Klotz, Esq. and Michael S. Schachter, Esq. of Willkie

Farr & Gallagher LLP, and Theodore V. Wells, Jr., Esq., Daniel J. Kramer, Esq., and Michael E. Gertzman, Esq. of Paul, Weiss, Rifkind, Wharton & Garrison LLP:

1. The Court shall enter a $900 million civil forfeiture judgment against the SAC ENTITY DEFENDANTS.

2. The SAC ENTITY DEFENDANTS shall provide the USAO-SDNY with satisfactory proof that they have undertaken to make the SEC Payment. Proof that they have undertaken to make the SEC Payment shall reduce the civil forfeiture judgment by $616 million.

3. The SAC ENTITY DEFENDANTS shall transfer to the United States Marshals Service the sum of $284 million (the "Net Forfeiture Payment") within 35 calendar days of the later of the date on which judgment is entered in the Criminal Action or the date of the entry of this Stipulation and Order of Settlement.

4. Upon the United States' receipt of the Net Forfeiture Payment described in Paragraph 3 of this Stipulation and Order, the funds comprising such Net Forfeiture Payment shall be deemed forfeited to the United States for disposition according to law, including Title 18, United States Code, Section 981.

5. It is further understood that the SAC ENTITY DEFENDANTS will not take any deductions on their tax returns, or seek any other tax-related benefit, for any of the financial

payments they make pursuant to this Stipulation and Order.

6. In the event that the SAC ENTITY DEFENDANTS fail to timely make the Net Forfeiture Payment described in Paragraph 3, this Civil Forfeiture and Money Laundering Action may be reinstated against the Defendants in Personam and the Defendants in Rem, with the statute of limitations for any such actions or claims being tolled from the date on which the Court enters this Stipulation and Order.

7. The SAC ENTITY DEFENDANTS are hereby barred from asserting any claim against the United States or any of its agents and employees (including, without limitation, the FBI and the USAO-SDNY) in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Defendants in Rem, including, without limitation, any claim that the United States did not have probable cause to seize and/or forfeit the Defendants in Rem, that the SAC ENTITY DEFENDANTS are a prevailing party or that the SAC ENTITY DEFENDANTS are entitled to attorneys' fees or any award of interest.

8. The SAC ENTITY DEFENDANTS hereby withdraw all claims and/or petitions for remission in this action and agree that they shall not file any claims or petitions for remission relative to the funds comprising the Net Forfeiture Payment, or

any action or motion seeking to collaterally attack the seizure, restraint, or forfeiture of the funds comprising the Net Forfeiture Payment, nor shall they assist others in filing any such claims, petitions, actions, or motions.

9. The SAC ENTITY DEFENDANTS represent that they are the sole owners of the funds comprising the Net Forfeiture Payment, and agree to hold harmless the United States and any and all of its agents and employees (including, without limitation, the FBI and the USAO-SDNY) from any and all third-party claims in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the funds comprising the Net Forfeiture Payment.

10. Upon receipt of the Net Forfeiture Payment, the in rem forfeiture action against the Defendants in Rem and the civil money-laundering claims against the Defendants in Personam shall be dismissed with prejudice and the USAO-SDNY shall release the SAC ENTITY DEFENDANTS and their shareholders and owners from any civil money laundering or forfeiture claims arising out of acts or omissions of the type set forth in the Complaint that occurred on or before December 31, 2012. Accordingly, this Stipulation and Order of Settlement fully and finally resolves this action as to the Defendants in Rem and the Defendants in Personam.

10

11. This Stipulation and Order of Settlement may be executed in counterparts, each of which will be deemed an original, and all of which, when taken together, will be deemed the complete Agreement.

12. The Court will have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order of Settlement.

13. This Stipulation and Order of Settlement, along with the Plea Agreement, constitutes the complete agreement between the Parties and may not be amended except by written consent of the Parties.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____/s/_____                            November 4, 2013
SHARON COHEN LEVIN                             DATE
MICAH W. J. SMITH
CHRISTINE I. MAGDO
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007

S.A.C. CAPITAL ADVISORS, L.P.;
S.A.C. CAPITAL ADVISORS, LLC;
CR INTRINSIC INVESTORS, LLC; and
SIGMA CAPITAL MANAGEMENT, LLC
DEFENDANTS

By: *Martin Klotz*             November 1, 2013
MARTIN KLOTZ, ESQ.             DATE
MICHAEL S. SCHACHTER, ESQ.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

By: *Theodore V. Wells, Jr.*        November 1, 2013
THEODORE V. WELLS, JR., ESQ.     DATE
DANIEL J. KRAMER, ESQ.
MICHAEL E. GERTZMAN, ESQ.
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

SO ORDERED:

*Richard J. Sullivan*             11/6/13
HONORABLE RICHARD J. SULLIVAN    DATE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK